

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Norman Gross*  *Camden Federal Building & U.S. Courthouse*  856/968-4930
*Assistant United States Attorney*  *Post Office Box 2098, 401 Market Street, 4th Floor*  Fax: 856/968-4917
*norman.gross@usdoj.gov*  *Camden New Jersey 08101-2098*

December 31, 2015

Honorable Robert B. Kugler
United States District Judge
Room 6040
Mitchell H. Cohen Federal Courthouse
One John F. Gerry Plaza
400 Cooper Street
Camden, NJ 08101

        Re:   <u>**United States v. Dritan Duka**</u>, Civ. No. 13-3664 (RBK)
              <u>**United States v. Shain Duka**</u>, Civ. No. 13-3665 (RBK)
              <u>**United States v. Eljvir Duka**</u>, Civ. No. 13-3666 (RBK)

Dear Judge Kugler:

      I write to set forth the Government's position regarding the proper scope of the evidentiary hearings in the above-referenced matters, scheduled for January 6, 2016. As I stated in my December 14, 2015 letter to Your Honor, the Government reads your opinion of September 30, 2015 and the accompanying orders in each of these cases to limit the evidentiary hearings to a single question: whether trial counsel (Messrs. Huff, Archie, and Riley) were ineffective because they were not prepared to have their clients testify in their own defense at trial.

      In their declarations filed in support of their § 2255 motions, petitioners have made specific allegations regarding this claim. For instance, Dritan Duka alleged that:

>My trial counsel never advised me that it was my individual right to testify and that I had the right to overrule his decision that I not testify. I agreed with his advice that I not testify only because he told me, at the conclusion of the government's case that he was not prepared to put me on the stand.

Dritan Duka Declaration, ¶ 6.

>Similarly, Eljvir Duka alleged that:

>After the government rested its case, there was a meeting in the courthouse attended by my co-defendants and all the lawyers. I stated that I wished to testify. Mr. Archie stated that I should not and that in any event he was not prepared to put me on the stand. I still wished to testify and told Mr. Archie so. However, over the course of the meeting, I come to the conclusion that Mr. Archie was not prepared and because of that I would probably hurt my chances if I testified. It is for that reason that I told that Court that decided not to testify.

Eljvir Duka Declaration, ¶ 5.

>Finally, Shain Duka alleged that:

>On several occasions before and during trial I told my attorney Michael Riley that I wanted to testify. During the trial I remember several occasions when he stated that he had to come see me and prepare me to testify. Near the end of the trial, there was a meeting where all of us (attorneys and defendants) were present. The attorneys, Mr. Riley concluded, said none of us should testify.

>I recall that Dritan and Eljvir said they did want to testify. A discussion happened. The lawyers (and I am not sure who said what) said that not only should we not testify, they were not prepared to put any of us on the stand.

>We eventually agreed and the lawyers told us what to say when the court would question us the following day.

>Had I thought that my lawyer was prepared, I would have insisted on taking the witness stand and testified to the matters stated in this declaration.

Shain Duka Declaration, ¶¶ 26-29.

2

Given the limited scope and specificity of petitioners' claims, the Government suggests that, following the evidentiary hearing, the Court resolve the following factual issues:

1) Did any of the trial counsel ever tell the petitioners—after the Government rested its case, and particularly during a meeting between all defendants and all the attorneys shortly before the Court conducted a colloquy regarding petitioners' decision about testifying—that they were unprepared to call them as witnesses in their own defense at trial?

2) Did any of the petitioners ever tell their trial counsel after the Government rested its case and before the colloquy that they wished to testify in their own defense at trial, and if so, when?

3) Would trial counsel have been prepared to call their clients as witnesses in their own defense had their clients informed them that they wished to testify?

During the telephonic status conference with the parties on December 15, current counsel stated that they should not be limited to presenting evidence on those issues, but should be permitted to have their clients testify about what they would have said had they been called as witnesses at trial. Such testimony would be relevant, they claimed, to support their claims that they did in fact want to testify.

Without conceding that petitioners subjectively wanted to testify, such testimony would be unnecessary and needlessly extend and complicate the evidentiary hearings. If this Court were to conclude that trial counsel never told their clients that they were unprepared to testify, that petitioners never told their trial counsel that they wanted to testify during the relevant period after the Government rested and before the colloquy, and that trial counsel would have been prepared to call the petitioners as witnesses in their own defense had they expressed an interest to testify, the subjective but unspoken desire of petitioners to testify would be irrelevant to the inquiry about whether trial counsel rendered ineffective representation.

However, if the Court concludes that trial counsel told or their former clients that they were unprepared to call them as witnesses after the clients said that they

3

wanted to testify, then additional evidence regarding the "prejudice" prong of petitioners' ineffectiveness claims would be warranted.

      Current counsel for petitioners have stated that petitioners' proposed trial testimony is relevant to inform the Court's decision regarding the second question identified above. The Government submits that the proposed testimony will have little if any probative value regarding the second question. But if the Court believes that such proposed testimony has some relevance, the Government will concede, solely for the purpose of this Court's decision regarding the second question, that had any of the petitioners testified at trial, they would have testified consistently with the declarations they have each submitted in support of their § 2255 motions. The Government does not concede, of course, that had petitioners testified in that manner, the outcome of the trial would have been different, or that petitioners can establish their burden of proving prejudice.

                            Respectfully submitted,

                            Paul J. Fishman
                            U.S. Attorney

              by:        *[signature]*

                            Norman Gross
                            Assistant U.S. Attorney

cc:    Chad Edgar, Esquire (by email and ECF)
         Robert J. Boyle, Esquire (by email and ECF)
         Charles Swift, Esquire (by email and ECF)