**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DRITAN DUKA, | : | |
| | : | |
| Petitioner,, | : | Civ. No. 13-3664 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| SHAIN DUKA, | : | |
| | : | |
| Petitioner,, | : | Civ. No. 13-3665 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioners Dritan Duka and Shain Duka (collectively the "Dukas) previously sought relief pursuant to 28 U.S.C. § 2255 from their federal convictions and sentences. They have each filed a motion to set aside the judgment that denied their § 2255 motions. Therefore, the Clerk will be ordered to reopen this case so that these two motions can be ruled upon. For the following reasons, the Dukas' motions to set aside the judgment will be denied.

## II.     BACKGROUND

The Dukas (along with their brother Eljvir Duka as well as Mohamad Ibrahim Shnewer and Serdar Tatar) were convicted after a jury trial of conspiracy to murder members of the United States military amongst other charges. The Dukas jointly raised seven ineffective assistance of counsel claims in their § 2255 motions. Six of those claims were denied on September 30, 2015. (*See* Dkt. Nos 39 & 40) This Court conducted an evidentiary hearing on one of the Dukas' ineffective assistance of counsel claims, namely that their decision to not testify at trial was the result of attorney coercion. Ultimately, this Court denied that final remaining claim on May 31, 2016. (*See* Dkt. Nos. 58 & 59) Accordingly, as all of the Dukas' claims had been disposed of on the merits, this Court closed this case on May 31, 2016.

On June 27, 2016, the Dukas, through their counsel, each filed a motion to set aside the judgment. The motions raise an identical new substantive claim that was not previously raised in their initial § 2255 motions. More specifically, Dritan and Shain each attempt to bring the following substantive new claim in this action:

> Petitioner's conviction for a violation of 924(c) must be vacated based on the Supreme Court's ruling in *Welch v. United States*, 578 U.S. --, 136 S. Ct. 1257 (2016) (slip. Op.) that the holding in *Johnson v. United States*, 125 S. Ct. 2551 (2015) was retroactive. In *Johnson*, the Supreme Court addressed the constitutionality of sentencing enhancements under the Armed Career Criminal Act ("the Act"). According to the Act, if a defendant has three or more earlier convictions for a "serious drug offense" or "violent felony," he or she may be subject to the statute. In looking at a prior felony to see if it qualifies as violent under the statute, a court confirms either that it has an element involving "the use, attempted use, or threatened use of physical force against the person of another" (the so-called force clause); or is a burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another (the so-called residual clause). The Supreme Court viewed the phrase beginning with "otherwise involves" in the residual clause as unconstitutionally vague. With respect to a conviction under

> 924(c), the statute is also comprised of a residential clause that parallels that of the Act. Under 924(c), the statute is triggered where the predicate offense either has "an element of the use, attempted use, or threatened use of physical force against the person or property of another" or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The latter trigger for the statute is also known as the "residual clause" and suffers the same unconstitutional vagueness as the residual clause in the Act.
>
> Therefore, if a defendant is found to have committed a predicate felony under the residual clause of 924(c) then the charge must be dismissed. Here, petitioner's predicate felony was conspiracy to murder members of the U.S. military. The elements of such a conspiracy as described to the jury in the district court were in sum and substance as follows: (1) two or more persons agreed to murder members of the U.S. uniformed services; (2) that the petitioner knowingly and willfully joined the conspiracy; and (3) that one of the members of the conspiracy performed an overt act to further the objectives of the conspiracy. None of the elements of this conspiracy encompass expressly an element involving the "use, attempted use, or threatened use of physical force against the person or property of another." Therefore, in order to sustain the conviction, the government had resort to the residual clause of 924(c). That resort to the residual clause of 924(c), which *Johnson* has rendered unconstitutionally vague, means that the petitioner's conviction under 924(c) must be vacated.

(Civ. No. 13-3664 Dkt. No. 60 at p.4, 15; Civ. No. 13-3665 Dkt. No. 59 at p.4, 15)

The government opposes the Dukas' motions to set aside the judgment. The government asserts that the motions to set aside the judgment should be denied because each motion constitutes a second or successive § 2255 motion. Accordingly, the government claims that the motions to set aside the judgment should be denied because the Dukas have not received authorization from the United States Court of Appeals for the Third Circuit to file their motions that seeks to add a *Johnson* claim.[1] In reply, relying on an opinion from the United States Court

---

[1] The Dukas have also each filed a motion to file a second or successive § 2255 motion with the Third Circuit. Both of those requests remain pending for a decision by the Third Circuit. However, both of those motions have been stayed by the Third Circuit pending a determination

3

of Appeals for the Second Circuit, the Dukas assert that a request to file a second or successive § 2255 motion is not necessary because their time to appeal this Court's denial of their original § 2255 motions had not run its course.

### III.   DISCUSSION

The threshold question is whether the motions to set aside judgment constitute second or successive § 2255 motions. If they do, then the Dukas cannot proceed in this Court until such time as they receive authorization from the Third Circuit to do so. *See* 28 U.S.C. §§ 2244(b); 2255(h).

In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court stated that a motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b) that seeks to add a new claim for relief qualifies as a second or successive habeas petition that requires pre-certification from the appropriate Court of Appeals to be filed. There is no doubt that the Dukas motion to set aside the judgment raises a new claim. Nevertheless, the Dukas assert that obtaining authorization from the Third Circuit to proceed with their *Johnson* claims is unnecessary because the appeal of this Court's denial of their initial § 2255 motion has not run its course.

There is an apparent circuit split on the issue of whether the Dukas need to obtain authorization from the Third Circuit before they can proceed with their *Johnson* claims. The Dukas cite to *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005) to support their position that such authorization is unnecessary. In *Whab*, the petitioner's § 2255 motion was denied by the district court in June, 2004, and the district court declined to issue a certificate of appealability ("COA"). *See* 408 F.3d at 118. Petitioner then filed a motion for a COA in the Second Circuit.

---

of whether the issues are complex and/or whether briefing is necessary. As the Dukas' motions to set aside judgment remain pending in this Court, and it is unclear when the Third Circuit will rule on the Dukas' motions to file a second or successive § 2255 motion based on the stay, this Court finds it prudent to rule on the Dukas' motion to set aside judgment at this time.

*See id.* While that motion was pending, the petitioner filed a motion for leave to file a "second or successive" petition in the Second Circuit. *See id.* While that application was pending, a panel of the Second Circuit denied petitioner's motion for a COA. *See id.* In *Whab*, 408 F.3d at 118, the Second Circuit held that:

> so long as appellate proceedings following a district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's [the Antiterrorism and Effective Death Penalty Act of 1996] gatekeeping provisions for "second or successive" petitions.

Because petitioner's motion for a COA with respect to the denial of his initial petition was pending at the time he sought leave to file another petition, "the subsequent petition was not 'second or successive' within the meaning of § 2255, and the gatekeeping authorization of the court of appeals was not required." *Whab*, 408 F.3d at 118. Therefore, the Second Circuit determined that it was unnecessary for the petitioner in *Whab* to seek authorization from the Second Circuit to be filed because the filing of his earlier petition had not been finally adjudicated. *See id.* at 119. Accordingly, the Second Circuit transferred the petition to the district court because it should have been filed directly in the district court as it was not a second or successive petition. *See id.*

The United States Court of Appeals for the Sixth Circuit has a slightly different view of when authorization is required. Indeed, the Sixth Circuit has recently stated that:

> a rule 60(b) motion or a motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired. In other words, if the district court has not lost jurisdiction of the original habeas petition to the court of appeals, and there is still time to appeal, a post-judgment motion is not a second or successive habeas petition.

*Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016).

5

These two cases notwithstanding, the government argues that the Dukas need to obtain authorization from the Third Circuit to proceed with their *Johnson* claims. The government cites to *Ochoa v. Sirmons*, 485 F.3d 538 (10th Cir. 2007) to support its argument. In *Ochoa*, the petitioner's first habeas petition was denied by the district court and he appealed to the Tenth Circuit. *See id.* at 539-40. Petitioner then sought to pursue another claim while his appeal from the first disposition of his habeas petition was pending. *See id.* Relevant to this case, the Tenth Circuit expressly held "that the pendency of an appeal from the denial of a first petition does not obviate the need for authorization of newly raised claims[.]" *Id.* at 539. In so holding, the Tenth Circuit expressly rejected the petitioner's reliance on the Second Circuit's decision in *Whab* by stating as follows:

> No other circuit has followed *Whab*, and we decline to do so. While this Court has not addressed the precise procedural argument made here, it is clearly precluded by general principles in our case law addressing various attempts to circumvent § 2244(b) requirements, particularly following the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (deeming Fed. R. Civ. P. 60(b) motion that interjects new claims into habeas action as a second or successive petition under § 2244(b)).

*Ochoa*, 485 F.3d at 540. Thus, Ochoa raising a new claim could be pursued only by securing authorization through a motion under § 2244(b). *See id.* In *Ochoa*, the petitioner attempted to distinguish his case from another Tenth Circuit case, *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006), because he had an appeal pending when the new claim was raised by a post-judgment motion, while the petitioner in *Nelson* did not. However, the Tenth Circuit determined that this procedural circumstance would not change the result, as:

> [t]he point is that § 2244(b) authorization is required whenever *substantively* new claims are raised, procedural associations with prior habeas matters must not obscure the fact that the petitioner is really pursuing a second or successive petition. Given this basic

6

> point, nothing in *Gonzalez*, *Nelson*, or our other cases suggests that whether a Rule 60(b) motion or other procedural vehicle may be used to circumvent § 2244(b) depends on the incidental fact that an appeal is or is not pending from the underlying habeas proceeding.

*See Ochoa*, 485 F.3d at 541. The Tenth Circuit then explained the relevant policy considerations that supported its holding as well:

> The approach advocated by Mr. Ochoa would greatly undermine the policy against piecemeal litigation embodied in § 2244(b). Multiple habeas claims could be successively raised without statutory constraint for as long as a first habeas case remained pending in the system. If the proper treatment of post-judgment proceedings in habeas, carefully explained in *Gonzalez* to prevent procedural circumvention of § 2244(b), left open an exception this broad, that point would have been made explicit in the statute or, at least, in the Supreme Court's primary decision implementing the statute.

*Ochoa*, 485 F.3d at 541. Accordingly, the petitioner in *Ochoa* had to first obtain authorization from the Tenth Circuit to proceed with his new claim. *See id.*

The Seventh Circuit has echoed the Tenth Circuit's policy concerns (albeit without expressly discussing *Whab*):

> Treating motions filed during appeal as part of the original application, however, would drain most force from the time-and-number limits in § 2244 and § 2255. Once one timely petition under § 2255 is on file, the prisoner may keep filing more until the first has been finally resolved, a process that can take years. This collateral attack, for example, was filed in 2007 and won't be over until mid-20112 at the earliest, if Phillips asks the Supreme Court to review our decision. Nothing in the language of § 2244 or § 2255 suggests that time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and petitions.

*Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012).

In *United States v. Terrell*, 141 F. App'x 849 (11th Cir. 2005), a panel of the Eleventh Circuit analyzed whether a motion to reopen and reduce a sentence filed in the district court

7

while the district court's denial of petitioner's § 2255 motion was on appeal constituted a second or successive habeas petition. In that case, the motion to reopen and reduce sentence asserted a new substantive claim on the merits that had not been presented in petitioner's initial § 2255 motion. *See Terrell*, 141 F. App'x at 851. Prior to issuing a decision on the motion to reopen and reduce sentence, the Eleventh Circuit dismissed Terrell's § 2255 appeal for failure to timely file the initial brief. *See Terrell*, 141 F. App'x at 851. The panel of the Eleventh Circuit ultimately concluded that petitioner's motion under *Gonzalez* constituted a second or successive motion to vacate. *See id.* The Eleventh Circuit noted as follows in arriving at its decision:

> When Mr. Terrell filed his motion to reopen and reduce sentence, the district court had already denied the initial § 2255 motion. In other words, there was no pending § 2255 motion in the district court when Mr. Terrell filed his motion and, hence, there was nothing to amend. At this time, moreover, the initial § motion is no longer pending anywhere, and it would make no sense to remand and direct the district court to treat the motion to reopen and reduce sentence as a motion to amend an initial § 2255 motion that no longer exists.

*Terrell*, 141 F. App'x at 852.

The Third Circuit has not expressed its opinion on this apparent circuit split of whether authorization from a Court of Appeals is required to proceed. However, two district courts within this Circuit have found *Ochoa* more persuasive than *Whab*. *See United States v. Sedlak*, Crim. No. 09-0079-01, 2016 WL 4803741, at *2 (M.D. Pa. Sept. 14, 2016) (citing approvingly to *Ochoa* and expressly declining to follow *Whab* because "[w]hether a subsequent 2255 motion is a second or successive one within the meaning of 28 U.S.C. § 2255(h) is not affected by whether the defendant has an appeal pending in the court of appeals involving his initial motion.") (citation omitted); *Joseph v. Garman*, No. 15-1602, 2016 WL 2604786, at *3 (W.D. Pa. Mar. 2, 2016) ("The instant Petition is second or successive since it attacks the same convictions as

Petitioner attacked in the First Petition, notwithstanding that there is an appeal presently pending in the United States Court of Appeals for the Third Circuit concerning the First Petition.") (citations omitted), *report and recommendation adopted*, 2016 WL 2599150 (W.D. Pa. May 5, 2016).

In this case, the Dukas filed their post-judgment motions seeking to add a new *Johnson* claim to their § 2255 motions after this Court disposed of their initial § 2255 motion, but prior to the expiration of their time to appeal. While this Court recognizes that *Whab* and *Moreland* seem to support the Dukas' argument that Third Circuit authorization is not required, this Court is not convinced. At the outset, this Court notes that it is not bound by these two decisions from the Second or Sixth Circuit. Furthermore, while it does not appear that *Whab* has ever been reversed by the Supreme Court, it is worth noting that the Second Circuit's decision in *Whab* was decided before the Supreme Court issued its opinion in *Gonzalez*. There is no doubt that the Dukas' motions to set aside judgment raise a new claim by asserting that they are entitled to habeas relief under *Johnson*. In *Gonzalez* though, the Supreme Court noted that use of a post-judgment motion to raise a new claim circumvents the requirement that a successive habeas petition be pre-certified by the appropriate Court of Appeals.[2] *See* 545 U.S. at 532.

Additionally, this Court is swayed by the policy arguments discussed in *Ochoa* and *Phillips*. Indeed, the approach of *Whab* and its progeny would lead to piecemeal litigation that courts typically try to avoid. The Seventh Circuit was even more explicit in *Phillips* when it said that such an approach would drain judicial resources.

---

[2] Of course, this Court recognizes that the Sixth Circuit's decision in *Moreland* was decided after *Gonzalez*.

Further lending support to this Court's holding that the Dukas need to first receive authorization from the Third Circuit to proceed is the Third Circuit's decision in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Pursuant to *Miller*, district courts in this Circuit are required to give a *pro se* § 2255 petitioner notice upon receiving his petition that he must choose to either have his motion ruled upon "as-is" or, file "*one all-inclusive § 2255 petition within the one-year statutory period.*"[3] *Miller*, 197 F.3d 652. If a petitioner could file additional claims after a district court disposed of his original § 2255 motion, this would seem to undercut the *Miller* warnings that a petitioner needs to file *one all-inclusive* habeas petition.

Furthermore, while not necessary relevant in this particular case, this Court has additional policy concerns in permitting a petitioner to amend his habeas petition after disposition by the district court as this would potentially raise statute of limitations issues in some circumstances. Indeed, a pending federal habeas petition does not statutorily toll the statute of limitations period under § 2244. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2005). Thus, a petitioner's attempt to amend his habeas petition to add new claims after a district court initially decided his habeas petition has the potential to be barred by the statute of limitations if it does not relate-back to the initial petition. This is why filing an all-inclusive habeas petition at the beginning of the case is so important to a petitioner.

Therefore, based on these reasons, this Court will deny the Dukas' motion to set aside the judgment so that they can add a new claim to their § 2255 motions because they have not obtained authorization from the Third Circuit. Because the Dukas already have motions to obtain authorization from the Third Circuit pending before that Court, this Court need not transfer the Dukas' motions to set aside the judgment to the Third Circuit for its consideration at this time.

---

[3] While the Dukas are proceeding through counsel, this Court makes the *Miller* warnings point, rather, as a general policy matter.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, this Court will grant a certificate of appealability on the issue of whether the Dukas needed to obtain authorization from the Third Circuit before proceeding with their *Johnson* claims raised in their motions to set aside judgment.

## V. CONCLUSION

For the foregoing reasons, the Dukas' motion to set aside the judgment is denied, but a certificate of appealability shall issue. An appropriate order will be entered.

DATED: October 21, 2016              s/Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge